UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM STEPHEN HALL,

               Plaintiff,

v.                                 Case No. 3:05-cv-68-J-25MMH

H. R. SMITH, et al.,

               Defendants.

_____

## ORDER

    This cause is before the Court on Defendants' February 22, 2005, Motion to Dismiss (Doc. #8) or in the Alternative, for More Definite Statement (Doc. #9), the Plaintiff's Complaint (hereinafter Motion to Dismiss). The Defendants, H. R. Smith, L. D. Kitchen, M. S. Bozeman and the City of Jacksonville challenge the legal sufficiency of the complaint pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, the Defendants move for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

    This Court looks to the allegations in the complaint when reviewing a 12(b)(6) motion. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true. Dorsey v. Wallace, 134 F.Supp.2d 1364, 1368 (N.D. Ga. 2000). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief." In re Johannessen, 76 F.3d 347, 349 (11th Cir. 1996) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Under the Statement of Claim portion of the Complaint (Doc. #1), filed January 20, 2005, at 8, Plaintiff claims that the Defendants violated his rights under the Fourth and Fourteenth Amendments. In support of this assertion, he alleges the following under the Statement of Facts portion of the Complaint: On October 18, 2002, at approximately 3:00 a.m., police officers H. R. Smith, Sgt. L. D. Kitchen and M. S. Bozeman attempted a forcible entry into Plaintiff's apartment. They had their guns drawn and pointed at the front door. Hall refused the demands of the police to open the door. Hall called 911 to report to the Sheriff's Office that the police were attempting to enter the apartment. Hall told the 911 operator that no one in his apartment had called for help and everyone in the residence was okay. Hall put his girlfriend on the phone to talk to the operator to verify that his girlfriend was "having a psychosis." Plaintiff was sitting down and talking to the 911 operator when he was knocked out of his chair to the floor and handcuffed by the police officers who entered the apartment.

Plaintiff Hall contends that the police entered the apartment unlawfully, without a warrant or exigent circumstances, and without probable cause. Plaintiff claims he was falsely arrested, transported to jail and falsely imprisoned for thirteen days.

Plaintiff states that his girlfriend was unlawfully Baker-acted. Under relief requested, Plaintiff seeks 100 million dollars and punitive damages from the Defendants "and Respondeat Superior." Complaint at 10.

The Defendants move to dismiss the claims against them for failure to state a cause of action, they move to strike the claim for punitive damages, and in the alternative, they move for a more definite statement.

First, the Defendants state that it appears that the Complaint might be seeking relief pursuant to either 42 U.S.C. § 1983 or it may be raising a state false arrest/imprisonment claim. Defendants state that the Complaint is so vague and confusing, they cannot determine the nature of the claim.

Liberally construing the *pro se* Complaint, the Court is convinced that the Plaintiff is attempting to raise a claim that the Defendants violated his federal constitutional rights under the Fourth and Fourteenth Amendments and the Defendants acted under color of state law. See Complaint at 8. Further, the Court is not overly concerned that the facts are presented in a narrative form rather than in numbered paragraphs.

The Court, however, agrees with the Defendants that the complaint "fails to specify the nature of the various causes of action, in what capacity each named Defendant acted in the alleged wrongdoing, [and] how each named Defendant was involved in the

- 3 -

alleged wrongdoing . . . ."  Motion to Dismiss at 2.  Plaintiff does not state whether he is naming each Defendant in an individual or official capacity.  Further, he fails to present operative facts to show how each Defendant allegedly violated his constitutional rights.  Finally, the Court agrees with Defendants that Plaintiff has failed to state why his detention was unreasonable or unwarranted.  The Court takes judicial notice of Case No. 2002-054923-MM-A, <u>State of Florida v. Williams S. Hall</u>, wherein Plaintiff pled nolo contendere to resisting an officer without violence to his person.  <u>See</u> Exhibit A, Judgment and Sentence Form attached to the Motion to Dismiss.

The Exhibits attached to the Complaint show that the police received a call stating that a black female was being beaten in an apartment.  Exhibit B, Misdemeanor Arrest and Booking Report, attached to the Complaint.  When police officer Smith arrived, he heard yelling and a black female crying.  <u>Id</u>.  Plaintiff refused to open his apartment door to verify that everyone inside was alright.  <u>Id</u>.  Plaintiff was told several times to open the door and he refused.  <u>Id</u>.  Sgt. L. D. Kitchen responded to the scene and opened the door with a key from maintenance.  <u>Id</u>.  The Plaintiff was on the phone with dispatch refusing to open the door.  <u>Id</u>.  The police entered the apartment and placed Plaintiff on the ground.  <u>Id</u>.

- 4 -

The Jacksonville Sheriff's Incident Recall, attached to the Complaint, shows that a complaint was made by a citizen that she could hear a female being beaten. Further reports came in that the female was saying stop beating me with sound of her being beaten. Another report was made that there was an argument inside and a sound like "cockin" a firearm.

These were exigent circumstances. There was a report that a black female was being beaten. When the officers arrived they could hear yelling and a female crying. Plaintiff refused to open the door so that the officers could verify that the woman was alright. A key from maintenance was used to gain entry into the apartment.

Construing the Complaint in the light most favorable to Plaintiff, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim against Defendants Smith, Kitchen and Bozeman which would entitle him to relief. Moreover, the Defendants have also raised the defense of qualified immunity.

The Eleventh Circuit has reviewed the qualified immunity principles.

> "The defense of qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Gonzalez, 325 F.3d at ----, 2003 WL 1481583, at *3 (quoting Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 2515, 153 L.Ed.2d 666 (2002));

> <u>Vinyard v. Wilson</u>, 311 F.3d 1340, 1346 (11th
> Cir. 2002). To receive qualified immunity, a
> government official first must prove that he
> was acting within his discretionary authority.
> <u>Gonzalez</u>, 325 F.3d at ----, 2003 WL 1481583,
> at *4 (citing <u>Vinyard</u>, 311 F.3d at 1346).

<u>Cottone v. Jenne</u>, 326 F.3d 1352, 1357-58 (11th Cir. 2003).

In this case, the Defendants were acting within their discretionary authority as police officers. <u>See</u> <u>Williams v. Consolidated City of Jacksonville</u>, 341 F.3d 1261, 1267 n.13 (11th Cir. 2003), <u>cert</u>. <u>denied</u>, 125 S.Ct. 1399 (2005); <u>Vinyard v. Wilson</u>, 311 F.3d 1340, 1346 (11th Cir. 2002). Thus, once Defendants have established that they were acting within their discretionary authority, the burden then shifts to the Plaintiff to show that the Defendants are <u>not</u> entitled to qualified immunity. The Supreme Court has established a two-part test to determine the applicability of qualified immunity.

> "The threshold inquiry a court must undertake
> in a qualified immunity analysis is whether
> [the] plaintiff's allegations, if true,
> establish a constitutional violation." <u>Hope</u>,
> 122 S.Ct. at 2513. If, under the plaintiff's
> allegations, the defendants would have
> violated a constitutional right, "the next,
> sequential step is to ask whether the right
> was clearly established." <u>Saucier v. Katz</u>,
> 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d
> 272 (2001).

<u>Vinyard v. Wilson</u>, 311 F.3d at 1358; <u>Holloman ex rel. Holloman v. Harland</u>, 370 F.3d 1252, 1264 (11th Cir. 2004) (stating that a court reviewing a claim of qualified immunity must first determine whether plaintiff has alleged the deprivation of a constitutional

right, and if so, then proceed to determine whether that right was clearly established at the time of the alleged violation); Dalrymple v. Reno, 334 F.3d 991, 995 (11th Cir. 2003), cert. denied, 541 U.S. 935 (2004).

The Defendants have not violated Plaintiff's constitutional rights. Thus, "there is no need to proceed to the next step of determining if a constitutional right was clearly established." Smith ex rel. Smith v. Siegelman, 322 F.3d 1290, 1298 n.16 (11th Cir. 2003); Lumley v. City of Dade City, Fla., 327 F.3d 1186, 1194 (11th Cir. 2003). It is clear that Defendants Smith, Kitchen and Bozeman are entitled to qualified immunity.

Concerning the City of Jacksonville, Plaintiff Hall states the following:

> The City of Jacksonville inadequately trained and supervise[d] it's [sic] employee's [sic] and the failure to adequately train and supervise is actually a city policy, and this particular city policy of gross inadequate training, inadequate supervision of Jacksonville police officer's [sic] caused the employee's [sic] to violate the Plaintiff's constitutional right's [sic]. The City knew of the need to adequately train and supervise it's [sic] police officer's [sic] concerning federal law's [sic] and the City made a deliberate choice not to take any action to adequately train and supervise its police officer's [sic] concerning federal law's [sic]. The City of Jacksonville is aware of prior and present incidents of police misconduct which should have put the City and the Sheriff on notice of the need for improved training and supervision.

Complaint at 9 1/2-10.

First, the Court takes judicial notice of Case No. 3:03-cv-1047-J-25MCR, Hall & Henderson v. City of Jacksonville, where the Plaintiff raised essentially the same claims against the City of Jacksonville.  The Court thoroughly explained the deficiencies in Plaintiff's complaint, and the City's Motion to Dismiss was granted in that case.   See Case No. 3:03-cv-1047-J-25MCR, Doc. #26. Although Plaintiff has taken language from that opinion and attempted to rectify his allegations against the City, he has still failed to state a claim against the City.  Plaintiff has simply regurgitated the Court's language as to what he must show. However, he has still failed to provide any factual allegations supporting his claim against the City.   Vague and conclusory allegations will not support a claim against the City under 42 U.S.C. § 1983.  Additionally, respondeat superior is a theory of liability not available for claims raised pursuant to 42 U.S.C. § 1983.  Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996); Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995).

Defendant, the City of Jacksonville, asserts that Plaintiff has failed to state a claim upon which relief can be granted against the City.  More specifically, the City contends that the Plaintiff has failed to allege any facts to evidence a City custom, policy or practice which caused him to be deprived of a constitutional right.  Instead, Plaintiff has presented conclusory allegations that the City has adopted a policy to provide grossly

- 8 -

inadequate training and inadequate supervision of police officers. Further, Plaintiff states, in a vague and conclusory fashion, that the City knew of the need to provide adequate training and supervision of police officers, the City chose not to take any action, and the City was aware of prior incidents of police misconduct which should have placed the City on notice of the need for improved training and supervision.

Plaintiff has offered no facts supporting a contention that there was the existence of a widespread practice of grossly inadequate training and supervision. Plaintiff has referred to a single incident. In fact, Plaintiff has not provided the Court with sufficient information to identify exactly what the actual policy or custom is that supposedly caused his injuries. Plaintiff states that the City made a choice not to take any action, but he fails to provide any support for that statement. He has not provided any facts showing what deliberate or conscious choice was made by the municipality which caused a constitutional violation. Plaintiff has not presented facts showing that the municipality knew of a need to train and/or supervise in a particular area, such as warrantless entries into homes under exigent circumstances. Plaintiff has not presented one incident of past misconduct which would have put the City on notice for a need for improved training or supervision. In sum, there are no allegations supporting a claim that there was a history of widespread abuse.

Plaintiff claims that there was a failure to adequately train and supervise employees of the Sheriff's Department.  "The Supreme Court has held that inadequate police training may provide a basis for section 1983 liability only where failure to train amounts to deliberate indifference to the rights of persons with whom the [correctional officers] come into contact."  <u>Popham v. City of Talladega</u>, 908 F.2d 1561, 1565 (11th Cir. 1990) (per curiam) (citing <u>Canton v. Harris</u>, 489 U.S. 378 (1989)).  Here, Plaintiff has failed to allege any specific facts connecting the supervisors with any alleged failure of staff to conduct a warrantless entry into a home under exigent circumstances appropriately, either from poor or inadequate training or though lack of supervision.

Construing the Complaint in the light most favorable to Plaintiff, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim against the City of Jacksonville which would entitle him to relief.

Plaintiff concedes in his Motion in Opposition to any Motion for Summary Judgment or Motion to Dismiss by Defendant (Doc. #13 at 7 ½) that he is not entitled to punitive damages against the City. Plaintiff may not obtain punitive damages against the police officers in their official capacities either.

Accordingly, it is now

**ORDERED:**

- 10 -

1.    The Defendants' February 22, 2005, Motion to Dismiss the Plaintiff's Complaint (Doc. #8) is **GRANTED.**

2.    With regard to Defendants H. R. Smith, L. D. Kitchen and M. S. Bozeman the Complaint is hereby dismissed with prejudice as the Defendants are entitled to qualified immunity.

3.    The Clerk of the Court shall enter judgment against the Plaintiff and for Defendants H. R. Smith, L. D. Kitchen and M. S. Bozeman with prejudice.

4.    The Clerk of the Court shall enter judgment against the Plaintiff and for the Defendant the City of Jacksonville.

**DONE AND ORDERED** at Jacksonville, Florida, this ___21___ day of June, 2005.

UNITED STATES DISTRICT JUDGE

sa 6/24
c:
William Stephen Hall
Ass't General Counsel (Norton)

- 11 -